IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MORGAN WILLIAMS and CAROLYN WILLIAMS, | } } } |
| Plaintiffs, | } } |
| v. | } } } |
| JACK WAY, et al., | } } |
| Defendants. | } |

ENTERED
FEB 27 2002

CASE NO. CV-01-BE-3140-W

## MEMORANDUM OPINION

This case was removed to this court on December 7, 2001 on the basis of fraudulent joinder of the non-diverse defendants Jack Way and Way and Company, LLC. In support of the removal, the defendants attached excerpts from the depositions of the plaintiffs that indicated a lack of support of their allegations against those defendants. The court *sua sponte* set the case for a hearing on the propriety of removal on January 9, 2002.

At the hearing, counsel for the plaintiff acknowledged his intent to remove the $75,000.00 restriction in the complaint, so that the only issue regarding federal jurisdiction is the question of fraudulent joinder of defendants Jack Way and Way and Company, LLC.[1] Also at the hearing, the court gave counsel for the plaintiff forty eight hours in which to submit any evidence reflecting a valid claim against the non-diverse defendants. On January 11, 2002, plaintiffs filed their Motion to Remand, to which were attached the affidavits of plaintiff Morgan

---

[1] Although not relevant to the question of jurisdiction, plaintiffs' counsel also stated an intent to dismiss the class action allegations. The court anticipates that the plaintiffs will promptly amend their complaint to reflect these representations.

Williams, Sr. and plaintiff Carolyn Williams. These affidavits contradict the plaintiffs' prior deposition testimony, on which defendants relied in removing the case, but, in any event, do not support a cognizable claim against Jack Way or his company.

This case arises from the application for life insurance policies by the plaintiffs and issuance of those policies to the plaintiffs by defendant Reassure America Life Insurance.[2] Jack Way acted as an agent in taking the application for these policies. The plaintiffs agreed to have their premiums paid by bank draft. According to their complaint, the agreed upon premium amounts were withdrawn from their bank accounts beginning in June 1999; however, in October 1999, both policies lapsed for non-payment of premiums.

In Count I of the complaint, the plaintiffs allege that the defendants misrepresented to the plaintiffs that the insurance company would accept premium payments through automatic bank drafts. Count II alleges negligent failure to provide insurance even though monthly premiums were automatically deducted from their accounts. Count III asserts breach of contract by failing to accept automatic deductions as life insurance premium payments and failing to provide insurance. Count IV claims breach of fiduciary duty by virtue of the confidential relationship an insurance company owes its customers. Count V alleges that the "Defendants suppressed material facts" including that "Defendants had no intention of providing life insurance coverage despite the fact that the Defendants were deducting the agreed upon life insurance premiums;" and that "Defendants had no intention of performing under their contracts," etc. Count VI asserts a cause of action for bad faith. Count VII alleges unjust enrichment and Count VIII seeks

---

[2]The Original Complaint incorrectly named Royal Maccabees Life Insurance Company d/b/a Reassure America Life Insurance Company, Royal & Sun Alliance, and Swiss Re Life & Health LTD.

recovery for money had and received. Of these eight counts, the only possible valid claims stated against Jack Way and Way and Company in the complaint are in Count I (Fraud) and Count V (Suppression). The other claims can only be asserted against the defendant insurance company Reassure America Life Insurance. In fact, plaintiffs concede that they have no cause of action against the non-diverse defendants under any other counts. See Pla.'s Mot. to Remand (docket #12). The Complaint, Count II, alleges that defendants "would accept insurance premium payments through automatic bank deductions . . ." In their affidavits, which contradict their deposition testimony, the plaintiffs assert that Mr. Way "led us to believe that this automatic bank withdrawal option was an easy and effective way of paying premiums because we would never have to write and mail a check, Royal Maccabees would just take our premiums from our account each month." Aff. of Morgan Williams, Sr. Ex. A to Pla.'s Mot. to Remand; Aff. of Carolyn Williams, Ex. B to Pla.'s Mot. to Remand. Both plaintiffs then recount that, although the premiums were deducted, their policies lapsed. They fail to assert that the failure to apply the deductions to payment of premiums was in any way the fault of Mr. Way or that Mr. Way somehow had knowledge that those automatic deductions would not be so applied. The alleged statement by Mr. Way that the automatic bank draft "would be an easy and effective way of paying . . . premiums" was at best a statement of opinion or of a future event, which is not actionable. *Crowne Investments, Inc. v. Bryant,* 638 So. 2d 873 (Ala. 1994). The plaintiffs also allege that Mr. Way suppressed material facts about the nature of the insurance company. See Complaint, Count V. However, plaintiffs' depositions and affidavits do not reflect any untrue statement nor any material suppression of information by Mr. Way regarding premium payments. None of the alleged statements or suppressions rise to the level of actionable fraud under

3

Alabama law. See *Wade v. Chase Manhattan Mortgage Corp.*, 994 F. Supp. 1369, 1381 (N.D. Ala. 1997); *Crowne Investments, Inc. v. Bryant*, 638 So. 2d 873, 877 (Ala. 1994); *McGowan v. Chrysler Corp.* 631 So. 2d 842, 846 (Ala. 1993).

When reviewing the propriety of an action removed to federal court based on alleged fraudulent joinder of non-diverse defendants, the court must determine whether the plaintiff has any possible cause of action against the non-diverse defendant "under the allegations of the plaintiff's pleadings at the time of the removal." *Bromberg v. Metropolitan Life Ins. Co.*, 50 F. Supp 2d 1208, 1211 (M.D. Ala. 1999); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). At the time of removal, the plaintiffs' complaint asserted the claims outlined above. The depositions of the plaintiffs failed to provide any support for their theories of fraud and suppression against Mr. Way. In short, plaintiffs have failed to allege or present any evidence that Mr. Way made a misrepresentation of a material or existing fact, much less that the alleged misrepresentation was "made wilfully to deceive or recklessly without knowledge" as required to state a cause of action for fraud under Alabama Code § 6-5-101. Likewise plaintiffs' complaint fails to allege and plaintiffs offered proof fails to support any claim that Mr. Way suppressed a material fact which he had any obligation to disclose, as required by Alabama Code § 6-5-102. The court, therefore, concludes that the plaintiffs have no possible cause of action against the non-diverse defendants.

After reviewing all of the pleadings, submissions, and arguments of counsel at the hearing, the court concludes that the removal of this case was proper and that it has jurisdiction over this matter under 25 U.S.C. § 1332. As noted in a separate Order entered contemporaneously, the court therefore DENIES the plaintiffs' Motion to Remand.

The defendants Jack Way and Way and Company, LLC will be DISMISSED from this case.

                                                KARON O. BOWDRE
                                                UNITED STATES DISTRICT JUDGE